IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| JEFFERY CROCKETT )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>HEARTLAND HABITAT FOR HUMANITY, INC. )<br>SERVE:  REGISTERED AGENT THOMAS J. LALLY )<br>    1401 Fairfax Trafficway, Suite 323D )<br>    Kansas City, KS  66115 )<br>and )<br>)<br>THOMAS J. LALLY )<br>1401 Fairfax Trafficway, Suite 323D )<br>Kansas City, KS  66115 )<br>)<br>Defendants. ) | Case No. 10-CV-2333 JTM/DWB |

## **COMPLAINT**

COMES NOW, Plaintiff Jeffery Crockett, by and through attorney Benny J. Harding, and for his cause of action against the Defendant, alleges and states as follows:

### I. **PARTIES, JURISDICTION AND VENUE**

1. Plaintiff Jeffery Crockett is an adult with a brain tumor.  This underlying health condition causes Plaintiff to experience abnormal electrical activity throughout his brain that causes unexpected gran mal seizures that can and has been referred to as "focal partial epilepsy and epileptic syndrome with complex partial seizures" when the electrical activity becomes abnormally synchronized.  The seizures cause Plaintiff to lose consciousness and experience violent muscle contractions.  These seizures are controllable by medication.  This disability affects one or more major life activities of the Plaintiff including respiration, sleep, work and bodily functions.  Plaintiff is a resident of the State of Kansas.

1

2. Defendant Heartland Habitat for Humanity, Inc. (hereinafter "Heartland") is a domestic not-for-profit organization organized and doing business in the State of Kansas, has more than 15 employees and is a local affiliate of Habitat for Humanity International which employs many thousands worldwide. Heartland can be served through its Registered Agent, Thomas J. Lally, Executive Director, 1401 Fairfax Trafficway, Suite 323D, Kansas City, Wyandotte County, Kansas 66115.

3. Defendant Thomas J. Lally (hereinafter "Lally") is the Executive Director of Defendant Heartland and can be served at 1401 Fairfax Trafficway, Suite 323D, Kansas City, Wyandotte County, Kansas 66115.

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 as this cause arises under the laws of the United States of America and specifically the Americans With Disability Act and as amended in the ADA Amendment Act of 2008 ("ADAAA"), 42 U.S.C. §12201 *et seq.*; Title VII of the Civil Rights Act of 1964, as amended in the Civil Rights Act of 1991 at 42 U.S.C. §2000e *et seq.*; 42 U.S.C. §1981 *et seq.* and 42 U.S.C. §1981a *et seq.* Venue is proper in this Court pursuant to 28 U.S.C. §1391 since the events and omissions giving rise to the Plaintiff's claims occurred in the District and the Defendant is registered to do business in the State of Kansas and is subject to personal jurisdiction in this action pursuant to 28 U.S.C. §1391(c).

## II. ALLEGATIONS COMMON TO ALL COUNTS

5. That in September 2007, Plaintiff, an individual with a disability as described herein, interviewed for a part time position with Defendant Heartland to work in its warehouse. During the interview, Plaintiff disclosed that he had a brain tumor which in the past had caused

gran mal seizures. Defendant Heartland being fully aware of Plaintiff's disability hired Plaintiff as a part time employee in the Restore facility operated by Heartland.

6.     On September 3, 2008, while at home, Plaintiff experienced a gran mal seizure and after receiving medical attention, Plaintiff was off of work for one week with the knowledge and consent of Defendant. Then on March 27, 2009, Plaintiff while at work experienced a gran mal seizure. After recovering from the seizure, Plaintiff was able to complete the balance of his workday without further incident. However, Defendant Lally required Plaintiff to obtain and provide a written statement from a healthcare provider indicating that Plaintiff would be able to return to work full time due to the gran mal seizure incident. Plaintiff obtained and provided Defendant the required writing which indicated Plaintiff could perform the essential functions of his job and Plaintiff then returned to work.

7.     Notwithstanding Plaintiff's disability, the limitations imposed by Defendants on his job performance and having a record of impairment, Plaintiff was able to perform the essential functions of his job so that on May 1, 2009, Defendants promoted Plaintiff to a full time employment position and subsequently awarded Plaintiff raises.

8.     Based on information and belief, during 2009, Defendants began investigating providing healthcare benefits for employees and for that purpose in late July 2009 scheduled Plaintiff for a medical examination. During the medical examination conducted at the cost of Defendant Heartland, Plaintiff disclosed to the examiner that he had a brain tumor and that he experienced gran mal seizures but that he believed the seizures were under control due to the medication that had been prescribed to him by his personal healthcare provider. This medical examination was performed so that Plaintiff and other employees of Heartland would be able to receive healthcare benefits.

9. Shortly thereafter on August 13, 2009, following an adjustment in the medication dosage that Plaintiff received for his disability, Plaintiff experienced a gran mal seizure while at work. After he recovered he finished his work day. Later that evening, Plaintiff was contacted at home by his supervisor who advised him that Defendant Lally required Plaintiff to once more obtain a letter from his healthcare provider indicating that Plaintiff could perform the essential functions of his job, not return to work until the letter had been provided and that he would be contacted by the Defendant to authorize his return to work. Plaintiff provided the requested doctor's letter, but hearing nothing in response from Defendant Heartland, he contacted his supervisor who instructed Plaintiff to return to work on August 18, 2009, but also required Plaintiff to first attend a meeting with Defendant Lally.

10. On August 18, 2009, Plaintiff arrived for the scheduled meeting with Lally and his supervisor in order that he might return to work. At that time, Defendant Lally terminated Plaintiff claiming that Plaintiff had lied and withheld information regarding his medical condition from the Defendant.

11. On January 12, 2010, Plaintiff timely filed a Charge of Disability Discrimination with both the Equal Employment Opportunity Commission ("EEOC") and the Kansas Human Rights Commission ("KHRC"). Subsequently on May 4, 2010, Plaintiff received a Notice of Right to Sue from the EEOC, a copy of which is attached hereto and incorporated herein by this reference and marked Exhibit "A". Plaintiff has fulfilled all conditions precedence and Plaintiff has duly exhausted all administrative remedies and procedures in accordance with law, prior to the institution of this lawsuit.

## COUNT I – DISCRIMINATION BASED ON DISABILITY (Heartland)

12. Plaintiff incorporates by reference all prior paragraphs as though fully set forth herein.

13. Plaintiff is an otherwise qualified individual with a disability able to perform the essential functions of his job, with or without reasonable accommodation. Plaintiff is disabled in that he has a brain tumor (epilepsy) that infrequently causes gran mal seizures and which is controlled through the use of medication. Plaintiff's disability has a serious affect on one or more major life activities including respiration, sleep, work and bodily functions.

14. Defendant Heartland was aware of Plaintiff's disability having been so informed when Plaintiff applied and was hired for a position as a warehouse worker for Defendant Heartland. Defendant was further made aware again when Plaintiff experienced a gran mal seizure while at home and was required to miss one week's work and could not return to work without a doctor's note authorizing and permitting the same. Defendant was also notified again when Plaintiff had a gran mal seizure on March 27, 2009 while at work as well as Plaintiff's gran mal seizure at work on August 13, 2009. Thus Defendant was actually aware of Plaintiff's disability and that Plaintiff had a record of impairment. Furthermore, when Plaintiff was hired and subsequently throughout his employment, Defendants also limited Plaintiff's specific warehouse duties and excluded him from operating the warehouse forklift as well as climbing merchandise racks to retrieve inventory. Defendants limited Plaintiff in this fashion because it also regarded Plaintiff as disabled.

15. At all times relevant, Plaintiff was a qualified individual with a disability within the meaning of the term as utilized by ADAAA, whose disability limited one or more major life activities yet was able to perform the essential functions of his job. Plaintiff also had a record of

impairment that he had communicated to his employer and whom the Defendant Heartland also regarded as disabled.

16. Defendant Heartland illegally and in violation of ADAAA interfered with the terms, conditions and privileges of Plaintiff's employment by terminating Plaintiff based on his disability while making the pretextual claim that Plaintiff had withheld disclosing his disability and lied to the Defendant.

17. Based on information and belief, Plaintiff was replaced by an individual who did not have Plaintiff's disability or another disability as defined by the ADAAA.

18. At all times mentioned herein the acts and conduct performed by the servants agents and employees of Defendant Heartland were at all times acting within the scope and course of their agency and employment and their actions were expressly authorized by and ratified by Defendant Heartland thus making Heartland liable for said actions under the doctrine of *Respondeat Superior.*

19. As a direct and proximate result of Defendant Heartland terminating Plaintiff, Plaintiff has suffered and will continue to suffer in the future actual damages in the form of lost wages, benefits, loss of earning capacity, loss of career opportunity, loss of seniority, cost of seeking alternative income, mental anguish, emotional distress, embarrassment, humiliation loss of enjoyment of life and in all respects sustaining damages all in the amount yet to be determined but not less than $75,000.

20. That the acts of the Defendant Heartland were intentional and without justification, willful, wanton, malicious and in reckless disregard of Plaintiff's rights and were outrageous motivated by evil motives or reckless indifference to the harm that they might inflict

upon the Plaintiff, or amounted to gross negligence and accordingly Defendant should be subject to punitive damages to punish it and deter further misconduct by this Defendant and others.

21. Plaintiff is entitled to receive attorney's fees and expenses incurred including expert witness fees in the prosecution of this action pursuant to 42 U.S.C. §12117(a) and 12205, and 42 U.S.C. §2000e-5(k).

WHEREFORE, Plaintiff respectfully prays for judgment in his favor against the Defendant Heartland in the form of an order of this Court:

a. Permanently restraining Defendant from ever again discriminating against Plaintiff or any other individual on the basis of the individual's disability;

b. Awarding Plaintiff front pay and back pay in an amount to be determined;

c. Awarding Plaintiff compensatory damages in an amount yet to be determined but not less than $75,000;

d. Awarding Plaintiff punitive damages in an amount of $2,000,000 or such other amount as a jury may deem just and proper;

e. Awarding Plaintiff his reasonable costs, expenses incurred herein including attorney's fees and witness fees;

f. Awarding Plaintiff such other and further relief as the Court may deem just and proper including equitable relief.

## COUNT II – IMPROPERY INQUIRY INTO THE MEDICAL RECORD OF THE PLAINTIFF PURSUANT TO 42 U.S.C. §12112 (Heartland)

22. Plaintiff hereby incorporates by reference all prior paragraphs as though fully set forth herein.

23. Defendant Heartland, through its executive director Defendant Lally made a business decision to offer its employees group health insurance. In order to determine the

premium rate for this group health insurance benefit, it was required that employees submit to a medical examination, (Insurance Medical Exam "IME"). The purpose of the IME was solely for insurance purposes and was not job related nor was it consisted with a business necessity of the Defendant.

24. Plaintiff was directed to present himself for an IME with a physician on behalf of an insurance company and for the benefit of the Defendant Heartland and in approximately late July 2009, Plaintiff submitted to such a medical examination where he also disclosed his personal health history which included the brain tumor.

25. The medical information obtained during the IME was for insurance purposes and no other having no job relation nor consistent with a business necessity of Defendant Heartland.

26. Defendant Lally on behalf of Defendant Heartland used the information gained during Plaintiff's IME against the Plaintiff and in violation of ADAAA. Defendant terminated Plaintiff due to his disability and based on information and belief the adverse impact Plaintiff's disability had on the proposed insurance premium quotes. Defendant's acts were detrimental to the terms, conditions, and privileges of Plaintiff's employment as well as denying Plaintiff equal job benefits as an employee with the Defendants.

27. At all times mentioned herein the acts and conduct performed by the servants agents and employees of Defendant Heartland were at all times acting within the scope and course of their agency and employment and their actions were expressly authorized by and ratified by Defendant Heartland thus making Heartland liable for said actions under the doctrine of *Respondeat Superior.*

28. The acts of the Defendant were willful, wanton, malicious and in reckless disregard to the Plaintiff's rights; and outrageous motivated by evil motives or reckless

indifference to the harm that they may inflict upon the Plaintiff or amounted to gross negligence, and accordingly, Defendant should be subject to punitive damages to punish it and deter further misconduct of this Defendant and others.

29.     Plaintiff is entitled to receive attorney's fees and expenses including expert witness fees incurred in the prosecution of this action pursuant to 42 U.S.C. §12117(a) and 12205, and 42 U.S.C. §2000e-5(k).

WHEREFORE, Plaintiff respectfully prays for judgment in his favor against the Defendant and each of them in the form of an order of this Court:

   a. Permanently restraining Defendants from ever again discriminating against Plaintiff or any other individual on the basis of the individual's disability;

   b. Awarding Plaintiff front pay and back pay in an amount to be determined;

   c. Awarding Plaintiff compensatory damages in an amount yet to be determined but not less than $75,000;

   d. Awarding Plaintiff punitive damages in an amount of $2,000,000 or such other amount as a jury may deem just and proper;

   e. Awarding Plaintiff his reasonable costs, expenses incurred herein including attorney's fees and witness fees;

   f. Awarding Plaintiff such other and further relief as the Court may deem just and proper including equitable relief.

## COUNT III – 1981 PROPERTY RIGHT IN EMPLOYMENT BENEFITS SPECIFICALLY HEALTH INSURANCE (Heartland and Lally)

30.     Plaintiff hereby incorporates by reference all prior paragraphs as though fully set forth herein.

31.  That the acts of the Defendants and each of them in terminating Plaintiff for pretextual reasons so that he would not be part of any group health insurance benefit program that Defendant Heartland intended to provide was a violation of Plaintiff's Constitutionally protected rights as well as rights afforded to him by law.

32.  Defendants and each of them by their acts discriminated against the Plaintiff in his right to make and enforce contracts, including the making, performance, modification and termination of contracts and the enjoyment of all benefits, privileges, terms and conditions of a contraction relationship.

33.  Defendant Lally illegally interfered with the terms, conditions and privileges of Plaintiff's employment by terminating Plaintiff based on his disability while making the pretextual claim that Plaintiff had withheld disclosing his disability and lied to the Defendant.

34.  The acts of the Defendants and each of them were willful, wanton, malicious and in reckless disregard to the Plaintiff's rights; and outrageous motivated by evil motives or reckless indifference to the harm that they may inflict upon the Plaintiff or amounted to gross negligence, and accordingly, Defendants should be subject to punitive damages to punish them and deter further misconduct of these Defendants and others.

35.  Plaintiff is entitled to receive attorney's fees and expenses incurred in the prosecution of this action pursuant to 42 U.S.C. §12117(a) and 12205, and 42 U.S.C. §2000e-5(k).

WHEREFORE, Plaintiff respectfully prays for judgment in his favor against the Defendants and each of them in the form of an order of this Court:

   a. Declare that the acts and practices of the Defendants alleged herein are discriminatory practices in violation of 42 U.S.C. §1981 et seq.;

b. Permanently restraining Defendants from ever again discriminating against Plaintiff or any other individual on the basis of the individual's disability;

c. from ever again discriminating against Plaintiff or any other individual on the basis of the individual's disability;

d. Awarding Plaintiff front pay and back pay in an amount to be determined;

e. Awarding Plaintiff compensatory damages in an amount yet to be determined but not less than $75,000;

f. Awarding Plaintiff punitive damages in an amount of $2,000,000 or such other amount as a jury may deem just and proper;

g. Awarding Plaintiff his reasonable costs, expenses incurred herein including attorney's fees and witness fees;

h. Awarding Plaintiff such other and further relief as the Court may deem just and proper including equitable relief.

Respectfully submitted,

/s/ Benny J. Harding
Benny J. Harding KS Fed. No. 70095
4630 West 137th Street, Suite 100
Leawood, KS 66224
(913) 663-1300 Telephone
(9130 663-3834 Facsimile
benny@hardinglawkc.com
Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff, by and through his undersigned attorney and does hereby request a trial by jury on all triable issues.

/s/ Benny J. Harding
Benny J. Harding
Attorney for Plaintiff

## **DESIGNATION OF PLACE OF TRIAL**

COMES NOW, Plaintiff, by and through his undersigned attorney and does hereby designate Kansas City as the place of trial.

<div style="text-align: right;">

/s/ Benny J. Harding
Benny J. Harding
Attorney for Plaintiff

</div>