# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JEFFREY CROCKETT, )
        Plaintiff, )
v. ) Case No. 10-2333-JTM-KGG
HEARTLAND HABITAT FOR )
HUMANITY, INC., )
        Defendant. )

## MEMORANDUM AND ORDER

The following motions are currently pending in this matter:

1. Plaintiff's Motion to Strike Affirmative Defenses Pursuant to Federal Rules of Civil Procedure 12(f) (Doc. 13, pending before the District Court);

2. Defendant's Motion for Leave to File Amended Pleading (Doc. 15); and

3. Defendant's Motion for Extension of Time to File Memorandum in Opposition to Motion to Strike Affirmative Defenses (Doc. 17).

Plaintiff did not file a response to either of Defendant's motions. As such, Defendant's Motion for Leave (Docs. 15) will be granted as uncontested. Because of the effect of the amended pleading, the Court will **RECOMMEND** to the District Court that Plaintiff's Motion to Strike (Doc. 13) be **DENIED without**

**prejudice**. As a result, Defendant's Motion for Extension (Doc. 17) will be found to be **MOOT**.

## BACKGROUND

Plaintiff filed the present action on June 14, 2010, alleging various claims relating to his alleged employment discrimination. (Doc. 1.) Defendant filed its Answer on August 20, 2010, generally denying Plaintiff's claims and raising certain affirmative defenses. (Doc. 9.) Plaintiff subsequently filed his Motion to Strike Affirmative Defenses Pursuant to Federal Rules of Civil Procedure 12(f) (Doc. 13). Rather than respond to this motion, Defendant requested an extension of time to file a memorandum in opposition (Doc. 17), while also filing its Motion for Leave to File Amended Pleading (Doc. 15).

## DISCUSSION

In his motion to strike, Plaintiff alleges that certain of Defendant's affirmative defenses should be stricken for failure to comply with the standards espoused in ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544 (2007) and ***Ashcroft v. Iqbal***, 129 S.Ct. 1937 (2009). (*See generally*, Doc. 14.) In essence, Plaintiff argues that Defendant failed to allege sufficient facts to support its affirmative defenses, but rather simply made conclusory allegations of law. (*Id.*) In its Motion for Leave to File Amended Pleading (Doc. 15), Defendant argues that "the most

efficient method of curing the deficiencies plaintiff raises in his motion to strike is to permit defendants to file a first amended answer." (Doc. 16, at 2.)

Fed. R. Civ. P. 15(a) provides that leave to amend shall be freely given when justice so requires. In the absence of any apparent or declared reason, such as undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment, leave to amend should, as the rules require, be freely given. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

Plaintiff did not respond to either of Defendant's motions and the time to do so has expired. D. Kan. Rule. 6.1(d)(1). The Court sees no evidence of bad faith on the part of Defendant and, by failing to respond to Defendant's motions, Plaintiff has made no such argument. Further, the Court has yet to enter a deadline to join parties or otherwise amend the pleadings. As such, the Court considers Defendant's motions to be uncontested, timely, and valid. The Court therefore **GRANTS** Defendant's Motion for Leave to File Amended Pleading (Doc. 15). Because the Court is granting Defendant's motion for leave, it **RECOMMENDS** to the District Court that Plaintiff's Motion to Strike (Doc. 13) be **DENIED without prejudice**. To the extent the District Court adopts this recommendation,

Defendant's Motion for Extension of Time is found to be **MOOT**. Should the District Court not adopt the Court's recommendation, or should Plaintiff renew his Motion to Strike based on the contents of Defendant's Amended Answer, the Court will reconsider Defendant's request for additional time to respond upon further motion by Defendant.

**IT IS THEREFORE RECOMMENDED** that the District Court **DENY without prejudice** Plaintiff's Motion to Strike Affirmative Defenses Pursuant to Federal Rules of Civil Procedure 12(f) (Doc. 13). Pursuant to 28 U.S.C. §636(b)(1), Fed.R.Civ.P. 72, and D.Kan. Rule 72.1.4, Plaintiff shall have fourteen (14) days after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, his written objections to the findings of fact, conclusions of law, or recommendations of the magistrate judge. A party's failure to file such written, specific objections within the ten-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

**IT IS ORDERED** that Defendants' Motion for Leave to File Amended Pleading (Doc. 15) is **GRANTED**. The Amended Answer, in the form attached to the motion (Doc. 15-1), shall be filed within 10 days from the date of this Order.

4

**IT IS FURTHER ORDERED** that Defendants' Motion for Extension of Time to File Memorandum in Opposition to Motion to Strike Affirmative Defenses (Doc. 17) is **MOOT**.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas, on this 20th day of January, 2011.

                                            s/ KENNETH G. GALE
                                            KENNETH G. GALE
                                            United States Magistrate Judge